8462

### STATE v. MOODY.

1. EVIDENCE—ATTORNEYS—ARGUMENTS.—Where a defendant brings out on cross-examination that the parties had a previous difficulty, the particulars of which were irrelevant, he cannot afterwards complain that opposing counsel used the evidence admitted in legitimate argument, where he made no motion to strike out until the objection made to the argument. *Horsford* v. *Glass Co.,* 92 S. C., 236, *explained.*

2. CHARGE—GRAND JURY.—It is not error for the Court to desist from charging the petit jury in a criminal case to receive a report of the grand jury and remarks made to the grand jury cannot be construed to affect or to apply to the case on trial.

3. REPUTATION OF WITNESS—VIOLENCE.—The general reputation of a witness for turbulence may be shown, but not particular acts of violence.

4. IBID.—VERACITY.—That a witness had had a difficulty with another and what it was about would not necessarily reflect on his veracity.

5. ASSAULT AND BATTERY.—There was sufficient evidence that a defendant was present aiding, abetting, inciting and assisting his codefendant in committing an assault and battery to sustain his conviction for that offense.

6. CHARGE—SELF-DEFENSE.—The instruction as to self-defense complained of here, held not to be erroneous and not on the facts.

Before ERNEST GARY J., Kershaw, Summer term, 1912. Affirmed.

Indictment against Sadie Moody and Ernest Moody. Defendants appeal on the following exceptions:

1. "It is respectfully submitted that his Honor erred in allowing the attorney for the prosecuting witness, employed to assist the solicitor, over the objection of the defendants' counsel, to discuss before the jury details of the fight between the prosecuting witness, Bowen, and one Brannon, in which the father of the defendants was engaged, and out of which this difficulty arose; and to draw therefrom inferences to the effect that said father of the defendants, A. L. Moody, was in fault in said difficulty; after having refused to allow defendants' counsel to produce evidence of said details, tending to show that the defendants' father was not in fault, but was acting as peacemaker, when unjustly assaulted by the son of the prosecuting witness.

2. "It is respectfully submitted that his Honor erred in interposing during his charge to the jury trying this case, in receiving the presentment of the grand jury, by delivering to them in the presence of this jury, general statements in regard to their duty as grand jurors, laying special stress on the crime of shooting of one citizen by another, shooting being the crime alleged to have been committed by

these defendants. Said remarks being of a nature, and delivered at a time which had a tendency to prejudice the jury trying these defendants for a like alleged offense.

3. "It is respectfully submitted that his Honor erred in sustaining the objection of the solicitor to questions asked on cross-examination by defendants' counsel of the prosecuting witness, Bowen, as to the cause of the fight immediately preceding the difficulty in which these defendants were engaged, as tending to support the defendants' contention that the prosecuting witness attacked them, and not they him. Said testimony being offered in the following manner: 'You and Mr. Brannon that day had had trouble at the ginhouse? Yes, sir. What was that trouble about? A lie was told. By whom? I got it too hot, and got to fighting on the thing. What was the lie? Solicitor Cobb: I object. The Court: Objection sutained.' We respectfully submit that said question was relevant in that it was for the purpose of showing the state of mind of the prosecuting witness, and showing a motive, not only for his attack on Brannon at the ginhouse, but also upon these defendants.

4. "It is respectfully submitted that his Honor erred in refusing to allow the prosecuting witness to answer questions propounded to him as follows: 'You have been arrested several times? Only once. What was that for? I can tell it? Solicitor Cobb: I object. The Court: Irrelevant. Mr. DePass: You got into trouble about some act. The Court: You can prove previous difficulties, but cannot go into details. Mr. DePass: What was the difficulty you had with Mr. Carrison over there? Solicitor Cobb: I object. The Court: If he had a fight with him you can prove that, but that is as far as you can go. Only relevant in a plea of self-defense.' We submit that said evidence was material and relevant to test the veracity of the prosecuting witness, and in failing and refusing to allow same was highly prejudicial to these defendants.

5. "It is respectfully submitted that his Honor erred in charging the jury as follows: 'In ascertaining whether or not the defendants or either of *them* is guilty of assault and battery with intent to kill, the inquiry is, suppose *they* had killed him, would it have been murder, manslaughter or self-defense? If it would have been murder, then *they* are guilty of assault and battery with intent to kill.' The error being in charging the jury, as to both the defendants, when the evidence clearly shows that the defendant, Ernest Moody, did not do the shooting, or any other act of assault and battery, but that the gun was taken from him by the defendant, Sadie Moody, who did the shooting. Hence in no sense should his case be submitted to the jury upon the same footing as that of the defendant, Sadie Moody; the defendant, Ernest Moody, having been charged as a principal in the indictment, and the evidence having shown that he was not a principal, it was error to submit his case to the jury as such.

6. "It is respectfully submitted that his Honor erred in defining self-defense to the jury as follows: 'The law says to give one that privilege and excuse him under a plea of self-defense, he must be without fault himself; the next is, that there must have been a *necessity* to strike. You take the facts in this case, was it *necessary* to shoot him; for what was it necessary? To save themselves from serious bodily harm?' The true rule being, not that there must be an actual necessity to strike or shoot, but that the circumstances must be such that a reasonably prudent man, acting under similar circumstances, would believe it to be necessary to strike or shoot in order to save himself from death or serious bodily harm.

7. "It is respectfully submitted that his Honor erred in charging the jury as follows: 'Were they assaulted with a pistol? Was either one shot at? If he was not, what was there for him to defend himself against? If not in danger if there was not any assault, if he was not assaulted, what

is there to defend?' Said charge being upon the facts
of the case, and, therefore, in violation of the constitutional
prohibition, prohibiting the Judge to charge upon the facts,
or express his opinion of the facts to the jury. And it
was further erroneous, in that said remarks, in connection
with that part of the charge which immediately followed
them, tended to impress the jury with his Honor's opinion
of the facts at issue.

8. "It is respectfully submitted that his Honor erred in
charging the jury as follows: 'Would it have been murder
if they had killed him? If it would, then they are guilty
of assault and battery with intent to kill.' The error being
in not defining murder to them here, or in any part of his
charge. Such failure being in reality a failure to define
assault and battery with intent to kill, that being the main
issue in this case.

9. "It is respectfully submitted that his Honor erred in
submitting the case against the defendant, Ernest Moody,
when there was not sufficient testimony to sustain the charge
as to him.

10. "It is respectfully sumitted that his Honor erred in
refusing to set aside the verdict of the jury, and in sentenc-
ing the defendants thereon, each to one year in the peniten-
tiary, when the evidence, failed to sustain the charge against
at least one of them, Ernest Moody, and, therefore, was
erroneous, the verdict being a joint finding as charged."

*Messrs. DePass & DePass,* for appellants, cite: *Error for
attorney to discuss details of previous difficulty:* 75 S. C.
342; 183 N. Y. 464; 39 So. 923; 43 So. 312. *Right of
cross-examination:* 64 C. C. A. 180; 99 Ind. 308; 99 N. Y.
61; 32 La. Ann. 349. *Testing veracity of witness:* 56 S.
C. 524; 34 S. C. 16. *Jury should have been instructed as to
difference between principal and one assisting:* 36 S. C. 524.
*The law of self-defense:* 13 S. C. 464. *Charge on the
facts:* 47 S. C. 488; 5 S. C. 69; 21 S. C. 595.

*Solicitor W. Hampton Cobb* and *Mendel L. Smith,* contra, cite: *Charge to grand jury could not affect appellant:* 88 S. C. 162. *Details of previous difficulties are incompetent:* 21 Ency. 218; 68 S. C. 464; 6 Ency. Ev. 721; 12 Rich. 430. *Acts of violence do not necessarily affect credibility:* 68 S. C. 420. *Law of self-defense:* 38 S. C. 594. *Not necessary to define murder in charge in this case:* 83 S. C. 251; 87 S. C. 532.

March 15, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. The defendants were tried before Judge Ernest Gary, and a jury, at summer term of Court of General Sessions for Kershaw county, 1912, on a charge of assault and battery, with intent to kill, the indictment alleging that both defendants shot B. A. Bowen with a loaded shotgun. The defendants' plea was "not guilty," and Sadie Moody, in the trial, admitted the shooting, but both defendants relied upon the plea of self-defense. Both were convicted by the jury of an assault and battery with intent to kill. A motion for a new trial was made and refused, and defendants were sentenced.

An appeal was taken, and ten exceptions taken, which question the Judge's rulings, holdings and charge as to both defendants, and the further error of submitting the charge against the defendant, Ernest Moody, to the jury and allowing the verdict as to him to stand, when the evidence failed to sustain the charge as to him beyond a reasonable doubt. These exceptions will be set out by the reporter in the report of the case.

The first exception, complains of error on the part of his Honor, the trial Judge, in permitting one of the attorneys for the prosecution to discuss the details of the fight at the ginhouse, after evidence in regard thereto had been excluded by the Judge when offered by the defendant. It is true that Mr. Justice Woods, in *Horsford*

v. *Carolina Glass Company,* 92 S. C. 236, 75 S. E. 541, uses this language: "But when testimony manifestly incompetent and prejudicial is adduced for the purpose of having such testimony influence the jury, the party who adduces it will not be allowed to hold his verdict and assert that the Court can do nothing against the unfair advantage of having the statement before the jury, beyond striking it out and instructing the jury to disregard it. In such cases it does not lie in the mouth of the offending party to say that, although he has brought in irrelevant and prejudicial testimony, the Court cannot entirely deprive him of the benefit of it. It makes no difference that defendant's counsel did not move to strike out the testimony. Had the motion been made and granted, the plaintiff would still have had an unfair advantage of having testimony before the jury which he ought not to have offered. Justice can be satisfied only by the complete relief of a new trial. Reference to subject in argument was still more objectionable."

The use of this language was not intended to reflect upon counsel in the case, but to caution and admonish the bar that a verdict obtained under such conditions should not be allowed to stand, and that attorneys engaged in a case in their argument should confine themselves to the testimony, admitted by the Court, and not that excluded.

By reference to the testimony, in the case at bar, it will be found that the attorney for the appellants brought out in the cross-examination of R. A. Bowen, the prosecutor in the case, and the first witness examined by the State, testimony which would justify the argument on the part of the State complained of and at no time during the trial made any motion to strike it out or to have the jury disregard it until counsel for the State was addressing the jury. His Honor had declined to allow them to go into the details of the fight at the ginhouse and ruled that the particulars of this fight was incompetent and excluded it, other than to show the fact that there had been a fight there. In a case of this char-

acter, the defense being self-defense, the State may prove all the facts proceeding and leading up to the difficulty. *State v. Thrailkill,* 71 S. C. 136, 50 S. E. 551. And appellant, having brought out the testimony, and allowed it to remain in the record, has no right to complain that legitimate argument to the jury was made thereon.

As to the second exception, it cannot be sustained, as in the orderly conduct of the trials in the Court of General Sessions the grand jury have to come into Court whenever the necessity arises, whether a case is being tried or not, and in the furtherance of justice and the dispatch of business. The Judge usually suspends the trial he is engaged in to receive their findings, or to enlighten them or answer any inquiry they may make, and what he usually says to them cannot possibly affect the case being tried by the petit jury, and the petit jury understands this, and this question is settled against the appellants in the opinion of Mr. Justice Hydrick, in the case of *State v. Glenn,* 88 S. C. 162.

As to the third exception: "General reputation of witness for turbulence can be proved by witnesses, but particular acts of violence should be excluded." *State v. Dill,* 48 S. C., 249, 26 S. E. 567; *State v. Thrailkill,* 71 S. C. 142, 50 S. E. 551.

As to the fourth exception: This is overruled under the authority of *State v. Adams,* 68 S. C. 420, 47 S. E. 676, and also on the ground that if it were true that it would not necessarily be a reflection on his veracity.

Exceptions five, nine and ten, allege error on the part of his Honor in failing to discriminate in his charge to the jury and that there was insufficient evidence to convict the defendant, Ernest Moody. There was sufficient evidence to support the verdict of the jury that the defendant, Ernest Moody, was present, aiding, abetting, encouraging, inciting and assisting Sadie Moody. An

inspection of the record clearly establishes this. These exceptions are overruled.

The sixth, seventh and eighth exceptions, complain of his Honor's charge to the jury. As to the sixth, it is said in the *State* v. *Wise,* 33 S. C. 594, 12 S. E. 556: "The plea of self-defense rests upon the idea of necessity—a legal necessity—that is, such a necessity as in the eye of the law will excuse one for so grave an act as the taking of human life. Hence, it must be a necessity which is not brought about by the fault of the accused."

In the case of the *State* v. *Thrailkill, supra,* Mr. Justice Woods, in rendering the opinion of the Court, says: "The well settled rule in this State is that in order to make out the plea of self-defense it is necessary to show: (1) that the accused believed it necessary to take his assailant's life in order to save his own life, or to advoid serious bodily harm; (2) that the circumstances were such as in the opinion of the jury warranted such a belief in a person of ordinary firmness and prudence when situated as the accused; (3) the accused must be without fault in bringing about the difficulty. *State* v. *Whittle,* 59 S. C. 297, 305, 37 S. E. 293. It is clear that the necessity required is not shown without proof that there was no probable means of escape."

The charge, as a whole, was clear, impartial, forcible and in no manner prejudicial to the defendants in any of the particulars pointed out or made by the exceptions of the appellants, and was not a charge on the facts, and all of the exceptions should be overruled and the judgment of the Circuit Court affirmed.

Judgment affirmed.