## 10912

### STATE v. ALVERSON

#### (113 S. E. 120)

1. CRIMINAL LAW—NOT ERROR FOR COURT TO CHARGE GRAND JURY IN PRESENCE OF JURORS.—It was not error for the Court to deliver in the presence of petit jurors in attendance its charge to the grand jury in which some special attention was paid to violation of the liquor law as a breeding source of crimes of violence; there being no suggestion that the charge was in itself improper, or that it transcended the proprieties of the occasion.

2. HOMICIDE—EVIDENCE HELD TO SUPPORT CONVICTION OF MURDER.—In a prosecution for murder, testimony that accused deliberately shot deceased after provoking a quarrel, and being told by deceased to put up his pistol, was sufficient to include the inference of malice, and to support the conviction of murder.

Before RICE, J., Spartanburg, Fall term, 1921. Affirmed.

T. B. Alverson convicted of murder with recommendation to mercy and appeals.

*Messrs. A. E. Hill* and *Bonham & Price,* for appellant, cite: *Continuance should have been granted after charge to Grand Jury in the presence of petit jurors:* 28 L. R. A., 367; 58 S. C., 92; 88 S. C., 162; 94 S. C., 26. *Defendant entitled to be tried in "calm judicial atmosphere:"* 108 S. E., 290. *No evidence to sustain conviction:* 19 S. C., 579; 45 S. C., 483; 64 S. C., 566; 64 S. C., 347.

· *Messrs. I. C. Blackwood, Solicitor* and *Nicholls & Wyche,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The appellant was tried for the murder of Irby Knighton at the January, 1922, term of Court for Spartanburg County. Judge H. F. Rice, presiding, and was found guilty of murder, with recommendation to the mercy of the Court.

Upon the call of the case for trial the defendant's counsel moved for a continuance upon the ground that the presiding Judge's charge to the grand jury of the County, delivered immediately before the call of the case in the presence of the petit jurors in attendance, was of such nature and tenor as to prejudice the rights of the defendant. The motion was refused. After the jury had rendered a verdict, and before the appellant was sentenced, the trial Judge refused a motion for a new trial, made upon the grounds that the Court had erred in forcing the appellant to trial over the objections of counsel, and that there was no evidence of malice, and therefore no foundation for the verdict of murder. The appeal raises the two questions of whether the Circuit Judge committed error of law (1) in refusing the motion for continuance and (2) in not granting a new trial on the ground that there was no evidence to sustain the verdict of murder.

As to the first proposition, that the trial Judge 1 should have granted the motion for a continuance on the ground that the charge to the grand jury had improperly prejudiced the defendant's case, we think the question raised is conclusively settled against appellant's contention by the decisions of this Court in *State v. Glenn,* 88 S. C., 162, 70 S. E., 453, and in *State v. Moody,* 94 S. C., 26, 77 S. E., 713. Such references to the Judge's charge as appear in the record would indicate that it was en-

· tirely along the conventional line of directing the grand jury's attention to their duties and responsibilities as conservers of law and order.   Some special attention seems to have been devoted to violation of the liquor law as a breeding source of crimes of violence.. There is no suggestion, however, that the charge was in itself improper, or that it in anywise transcended the proprieties of the occasion.   Defendant's counsel themselves characterized it as a "masterful charge."   In the case of *State v. Glenn, supra,* the Circuit Judge declined to charge defendant's request to the effect that the Court's prior charge to the grand jury had nothing to do with. the case on trial, and· was not to influence the petit jury in the consideration of the facts of that particular case.   This Court, in that connection, said:

"If there was no error in the charge to the grand jury of which the defendant can· complain, it ·follows, of course, that there was no error in refusing defendant's first request."

The Judge's charge to the jury in the case at bar is not incorporated in the case.   It will be presumed, however, that the jury was fully and fairly instructed as to their duty to find a verdict in accordance with the law and the evidence of the particular case on trial—a presumption that is strongly fortified by the significant fact that not a single exception is directed to an imputation of error in the Judge's charge to the jury in the case at bar.

Appellant's second contention, that a new trial should have been granted on the ground that there was no evidence to sustain a conviction of murder in that the testimony excluded the inference of malice, is so clearly untenable that only ·a brief reference to the facts adduced in evidence would seem to be necessary.   There were several eye-witnesses to the homicide.   The testimony of Tom Waddle, which was substantially identical with that of several other State's witnesses was in part as follows:

"On September 9th was at Tom Alverson's store when Irby Knighton was killed. Tom Alverson and Irby Knighton came out of the door. Irby walked up beside the door, facing Tom; says: 'Irby, we have been good friends all our lives.' Irby says, 'Yes.' Tom says, 'Well, I don't want any more of your damn dragging.' Irby says, 'I don't want any of your imposing over me.' Tom walked around with the pistol in his hand. Irby told him to put it up. Tom fired it at him in the head; hit him along here. That was all that was said that I heard."

The facts to which this and other witnesses testified made out a case of deliberate homicide without shadow of excuse or justification. That it was competent for the jury to draw therefrom an inference of the legal malice which is an essential ingredient of the crime of murder, does not seem open to serious question.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.